```
1   Ronie M. Schmelz (SBN 130798)
    rschmelz@sidley.com
2   SIDLEY AUSTIN LLP
    555 West Fifth Street, Suite 4000
3   Los Angeles, California 90013-1010
    Telephone: (213) 896-6000
4   Facsimile: (213) 896-6600

5   William M. Sneed (admitted pro hac vice)
    wsneed@sidley.com
6   SIDLEY AUSTIN LLP
    One South Dearborn
7   Chicago, Illinois 60603
    Telephone: (312) 853-7000
8   Facsimile: (312) 853-7036

9   Attorneys For Plaintiff
    New Hampshire Insurance Company
10
```

FILED
CLERK, U.S. DISTRICT COURT
MAY 25 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>TRANSPORT INSURANCE COMPANY, as successor to TRANSPORT INDEMNITY COMPANY<br><br>Defendant. | Case No. CV 12-00431 CAS (FFMx)<br><br>Judge: Hon. Christina A. Snyder<br>Complaint Filed: January 18, 2012<br><br>[~~PROPOSED~~]<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, Plaintiff NEW HAMPSHIRE INSURANCE COMPANY ("Plaintiff") and Defendant TRANSPORT INSURANCE COMPANY AS SUCCESSOR TO TRANSPORT INDEMNITY COMPANY ("Defendant") are conducting pretrial discovery in the above-captioned litigation from one another and, potentially, third-parties;

WHEREAS, this discovery will require the disclosure of testimony, documents

---
STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

or other information which may be considered by the respective parties to contain confidential, private, proprietary, and/or trade secret information; and

WHEREAS, the parties wish to provide a mechanism for the exchange of such information in a manner that will protect its confidentiality and limit its dissemination.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto through their attorneys of record and subject to the approval of the Court, as follows:

1. This Protective Order shall govern all documents, things, and information produced or provided by parties, non-parties, and their respective representatives in the captioned action which are designated "CONFIDENTIAL," including, but not limited to, (a) documents produced in response to requests for production; (b) responses to requests for admission; (c) responses to interrogatories, including documents cited in preparing those responses; (d) transcripts of depositions and excerpts thereof, including exhibits thereto; (e) other responses or affidavits in connection with discovery requests, motions, or other filings in this action; (f) all pleadings, briefs and memoranda; and (g) any copies, summaries, pleadings, deposition transcripts, or other documents containing quotations or references thereto or information contained therein. A party or non-party shall only designate documents, deposition testimony, or other information (or portions thereof) as "CONFIDENTIAL" to the extent that it reasonably believes that such documents, testimony, or other information (or portions thereof) may constitute or contain information that is non-public and contain commercially or personally sensitive proprietary, trade or financial information ("Confidential Information"). By designating a document, material, deposition testimony, or other information derived therefrom as "CONFIDENTIAL" under the terms of this Protective Order, the party making the designation is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g); that the documents or information have not been disseminated or

1 made public previously in a manner inconsistent with a claim of confidentiality; and
2 that the disclosure of the Confidential Information would violate a personal, financial
3 or other interest protected by law and would cause harm outweighing the public
4 interest in disclosure.

5     2. Any information produced by a party or non-party that is confidential
6 and/or proprietary in written or documentary form shall be designated as Confidential
7 Information by the designating party by marking the first page of the writing or
8 document with the legend "CONFIDENTIAL," provided that the remaining pages of
9 the document are attached to the first page. With respect to electronic information
10 produced in native format, a party shall designate information by marking the disc or
11 drive upon which such information is provided as "CONFIDENTIAL."

12     3. Information designated as "CONFIDENTIAL" shall be used by the
13 receiving party only for purposes of prosecuting or defending this action and shall not
14 be disclosed to any person other than:

15     a. Counsel of record in this litigation, and their partners, associates,
16 staff, and/or other employees, and any contract attorneys retained by their firm, to
17 whom such disclosure is reasonably deemed necessary by such counsel for the
18 conduct of this litigation;

19     b. Any party to this litigation, including its subsidiary, parent, or
20 other related companies ("Affiliates"), and any officers, directors, and employees of
21 any party or Affiliates who are assisting a party's counsel, but only to the extent that
22 such disclosure is reasonably deemed necessary by counsel for the conduct of this
23 litigation;

24     c. Court Reporters and videographers while in the performance of
25 their official duties and commercial photocopying firms and other vendors used by a
26 party in this action to assist in discovery;

27     d. Reinsurers, reinsurance intermediaries, retrocessionaires, auditors,
28 regulators, in their capacities as such;

   e. Independent expert(s) and/or consultant(s) retained by or associated with any party in order to assist that party's counsel in the conduct of this litigation, to the extent that such disclosure is reasonably deemed necessary by counsel for the conduct of this litigation;

   f. This Court or a referee or any other court-appointed person before whom or which this litigation is pending, including any court personnel, and/or any other person, and/or entity as ordered by the Court;

   g. The person(s) who actually prepared or provided the Confidential Information, or to whom the Confidential Information was addressed or delivered, but only to the extent that such disclosure is deemed necessary by counsel for the conduct of this litigation;

   h. Percipient witnesses, to the extent that such disclosure is deemed necessary by counsel for the conduct of this litigation; and

   i. Mediators, and/or any other neutrals, appointed to conduct any settlement negotiations between the parties.

  4. Prior to the disclosure of any information designated as "CONFIDENTIAL" to any person identified in subsection (e) of Paragraph 3 herein, such person shall be furnished with a copy of this Protective Order and shall be required to execute the certificate attached as Exhibit A hereto. Counsel for the party disclosing Confidential Information shall maintain these written certifications and they shall be available to opposing counsel for inspection and copying. In the event that disclosure is made to an undisclosed expert or consultant retained by that party in connection with the litigation, the identity of the undisclosed expert is that party attorney's work product and need not be disclosed to opposing counsel even though the expert or consultant signs a written certification, unless a good faith belief exists by the designating party as to the dissemination of Confidential Information by an undisclosed expert or consultant in violation of this Protective Order.

  5. It shall be the duty of the party or non-party who contends that

information is to be treated as "CONFIDENTIAL" to denominate such information pursuant to Paragraph 2. Nothing contained in this Protective Order shall be construed to constitute a waiver of a party's right to claim, after the disclosure of any information, that information not designated as "CONFIDENTIAL" is in fact "CONFIDENTIAL" within the terms of this Protective Order, including documents produced by third-parties. Promptly upon discovering that such information was not designated, the designating party shall (1) notify the other party in writing and designate the information that was not properly designated; and (2) provide the other party with a copy of the information that is properly designated. Upon receipt of such notice, the receiving party shall either return all copies of the improperly designated information to the designating party or destroy them. Nothing contained herein is intended to, and/or does, constitute a waiver of any party's right to challenge any designation of documents as set forth in Paragraph 11 herein. Moreover, no party shall be found in breach of this Protective Order for having disclosed information prior to its designation, provided that it treated such information properly prior to its designation.

6.   If any party desires to file any document designated as "CONFIDENTIAL" in this case, the document shall be submitted for filing under seal pursuant to the procedures set forth in Local Rule 79-5, which is incorporated herein by reference. In addition, the envelope enclosing such materials shall be marked with the case caption and shall also be labeled "CONFIDENTIAL" and include the following (or a similar) statement:

> This envelope contains confidential information covered by the PROTECTIVE ORDER dated _____ and is not to be opened nor the contents revealed except in accordance with the terms of that Order, or under this Court's instruction and supervision.

This Protective Order shall apply to all pleadings, deposition transcripts, discovery papers, briefs, summaries, notes, abstracts, or other instruments which comprise, embody, summarize, discuss, or quote from any documents produced in the captioned case which have been designated as "CONFIDENTIAL," or any other material designated as such, including memoranda or work product prepared by counsel, their staff, or authorized outside consultants or experts.

7. Any designation of deposition testimony as "CONFIDENTIAL" shall be made on the record at the time such testimony is given or in writing within thirty (30) days after the party's and/or deponent's receipt of a transcript of such proceeding, whichever is later. When the transcripts of testimony designated as being "CONFIDENTIAL" are prepared, the reporter shall place the following legend on the cover of the transcript: "Certain portions of this transcript contain Confidential Information subject to a Protective Order of the Court – those materials must be filed under seal."

8. Any copies of information designated as "CONFIDENTIAL" shall be conspicuously marked with an appropriate legend signifying its confidential status. Counsel and all persons to whom such information is disclosed shall take reasonable and appropriate precautions to avoid loss and/or inadvertent disclosure of such material.

9. This Protective Order shall be without prejudice to the right of any party or non-party to bring before this Court at any time the question of whether any particular information is or is not discoverable or relevant to any issue in this case, is subject to a valid claim of attorney-client privilege, work product protection, or any other privilege, or whether any particular document or information should or should not be designated as "CONFIDENTIAL" for the purposes of this Protective Order. Neither any party's failure to object to any designation of information as being "CONFIDENTIAL," nor anything contained in this Protective Order, shall be construed as a waiver of any rights and/or defenses of any party to this litigation,

1  including claiming that such information is not confidential and/or protectable, or
2  shall be construed in any manner as an admission by any party that the documents
3  and/or materials subsequently designated or labeled by another party and/or third-
4  party as "CONFIDENTIAL" in fact contains Confidential Information.
5     10. This Protective Order applies only to the parties and non-parties
6  executing this Stipulation; it does not affect or bind other parties subsequently named
7  in this action.  However, insofar as any third-party produces documents to either party,
8  that third-party, or the parties may designate such documents as being
9  "CONFIDENTIAL" within thirty (30) days of the party's receipt of such documents.
10 All documents produced by any third-party shall be treated as being
11 "CONFIDENTIAL" until this time period expires.  To the extent that any party to this
12 Protective Order is requested to produce, through pretrial discovery or otherwise,
13 Confidential Information of a party, person, and/or entity that is not a signatory to this
14 Protective Order, the recipient of the request shall notify the non-signatory of the
15 request as soon as practicable and, in any event, no later than fifteen (15) days after
16 having received the request, and shall advise the non-signatory that the non-signatory
17 must move for a protective order in the event that the non-signatory objects to the
18 production of its information.  If the non-signatory does not file a motion for
19 protective order within the time otherwise provided for the production of documents,
20 then the recipient of the request shall produce such documents subject to the terms and
21 conditions of this Protective Order.
22    11. No party shall be obligated to challenge the propriety of a designation of
23 Confidential Information at the time such designation is made, and a failure to make
24 such challenge shall not preclude a subsequent challenge to such designation.  Any
25 party may object to the confidential designation of any designated material by serving
26 written notice of objection on the designating party and (if the producing party is a
27 non-party) all other parties, specifying by either Bates Number or, with reasonable
28 particularity, the materials to which an objection is made.  Upon receipt of an

1. objection to the Confidential designation, the designating party shall have the burden of setting forth the basis for the Confidential designation in writing. If within fifteen (15) days after the receipt of such objection the designating party with respect to such specified document(s) does not provide the basis for the Confidential designation, the specified document(s) shall be relieved of the restrictions of this Protective Order, and all parties shall remove any designation of confidentiality from such documents. To the extent the designating party timely provides its purported basis for the designation in writing as set forth herein, the designating party and objecting party shall attempt to resolve by agreement any dispute regarding the Confidential designation. If unable to agree, the party objecting to the designation may file a motion for a determination by the Court as to the validity of the Confidential designation. Any such motion must comply with Local Rule 37. In the event such a motion is filed, confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court. Except in a motion challenging the validity of a Confidential designation, the fact that a document or information has been designated as Confidential Information pursuant to this Protective Order shall not be admissible for any purpose.

12. The parties agree that the inadvertent production of information subject to the attorney client privilege and/or work product doctrine (the "Privileged Information") shall not constitute a waiver of such privilege and/or protection. Promptly upon discovering that any Privileged Information has been produced, but no later than 15 days prior to trial, the producing party shall notify the other party in writing and designate inadvertently produced documents on a privilege log. Upon receipt of such notice, the receiving party shall not review such documents further (except for the purposes of identifying them for their return to the disclosing party and/or destruction) and shall either return all copies of the same to the producing party or destroy them. Nothing contained herein is intended to, and/or does, constitute a waiver of any party's right to challenge any designation of Privileged Information and/or move to compel the production of such documents.

13. Any party may request permission to disclose Confidential Material to a person other than those permitted by Paragraph 3 by serving a written request upon counsel for the designating party, setting forth the information or materials the party wishes to disclose, the person to whom the party wishes to disclose the information or materials, and the reason for the proposed disclosure. If consent is withheld, or the party seeking to make disclosure and the designating party are unable to agree on the terms and conditions of disclosure, the party seeking to make disclosure shall submit the matter to the Court for resolution. The designated materials shall not be disclosed until the Court acts on the motion.

14. Nothing in this Order shall be construed in any way to control the use, dissemination, publication, or disposition (a) by a party of its own documents or information or (b) by a party of documents or information received at any time by that party outside the course of this litigation. The confidential status, if any, of such documents or information shall not be determined by the terms of this Order.

15. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

16. Nothing in this Protective Order shall be read to require a formal order of Court prior to use of designated information, so long as its use is consistent with the terms of this Protective Order.

17. Nothing in this Protective Order is intended to, and/or does, amend, relieve, and/or affect in any way any party or non-party's pre-existing duties to maintain the confidentiality of information that is presently or hereafter in its possession.

18. Except as otherwise may be agreed by the parties, but not later than sixty (60) days after the termination of this litigation, whether by settlement, judgment, or appeal, as to all copies of any information designated as "CONFIDENTIAL," each party at the receiving party's option shall, except for material reasonably considered by counsel to be their work product, (a) return to counsel for the designating party all

such Confidential Material; (b) destroy all Confidential Material; or (c) maintain Confidential Material in confidence pursuant to the terms of this Order. Upon request, Counsel shall certify in writing to opposing counsel that all such information has been returned to the producing party or destroyed, or that the material will be maintained in confidence.

19. The Court shall retain jurisdiction of all matters pertaining to this Protective Order, and each party, person, or entity signing a copy of this Protective Order, or Exhibit A hereto.

20. Nothing in this Protective Order limits the right of any party in another action to conduct discovery or the subpoena power of another court.

21. Nothing contained herein shall be construed to preclude any party from seeking a further protective order for any information as to which such party believes this Protective Order is insufficient. Any party to this Protective Order may apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires.

22. Each party and its counsel agree to abide by the terms of this Protective Order in the interim period between execution by counsel and entry of Protective Order by the Court.

Dated: May 22, 2012        SIDLEY AUSTIN LLP

IT IS SO ORDERED.
DATED: 5-25-12
Frederick F. Mumm
UNITED STATES MAGISTRATE JUDGE

By: /s/ Ronie M. Schmelz
Ronie M. Schmelz
William M. Sneed (admitted *pro hac vice*)
Attorneys for Plaintiff
New Hampshire Insurance Company

Dated: May 22, 2012                    BURNHAM BROWN


                                       By: */s/ Thomas M. Downey*
                                           Thomas M. Downey
                                           Attorneys for Defendant
                                           Transport Insurance Company

# EXHIBIT A

## ACKNOWLEDGMENT AND CONSENT TO JURISDICTION

I, _____, acknowledge that I have been given a copy of and have read the foregoing Protective Order, and I agree to be bound by its terms. I acknowledge and agree that any documents reviewed or received by me in connection with this matter that have been designated as "Confidential," including any copies, excerpts, summaries, abstracts, and electronic versions of such documents shall not be disclosed to and/or discussed with anyone except as expressly provided in the Protective Order. I consent to the jurisdiction of the United States District Court, Central District of California for the purposes of enforcing the Protective Order and penalizing violations thereof.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this Acknowledgment and Consent to Jurisdiction is executed on this ____ day of _____, _____ at _____.


Signature

EXHIBIT A

LA1 2458928v.1